# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

MARY DALY *vs.* EMPLOYERS LIABILITY ASSURANCE COR-
PORATION, LIMITED, & another.

MARY E. DALY *vs.* SAME.

JOHN W. GROGAN *vs.* SAME.

Berkshire.   September 17, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance*, Against liability of owner or operator of motor vehicle.   *Estop-
pel.   Equity Jurisdiction*, To enforce liability of insurer against
motor vehicle liability.

At the hearing of a suit in equity under G. L. c. 175, §§ 112, 113, to
compel the insurer of the owner of a motor vehicle to pay a judgment
obtained against the insured, the insurer sought to avoid liability on
the ground that the insured had violated a provision of the policy
requiring him, when requested by the insurer, to aid "in securing
evidence and the attendance of witnesses, in defending suits," and at
all times to render to the insurer "all co-operation and assistance"
in his power.   It appeared that, after the accident which gave rise
to the claim upon which the judgments were founded, the insured had
accompanied a representative of the insurer to the scene of the acci-
dent and had furnished him with a statement of facts concerning its
occurrence, and thereafter had left the Commonwealth; that, when
the action was about to be tried, the insurer's counsel, who under the
provision of the policy was defending the action, having learned that
the insured was in another State, asked him to come to court and that
he replied that he could not come.   The insurer's counsel then told

the insured that his unwillingness to attend violated the terms of the policy. When the action was reached for trial, the counsel made an oral motion for continuance because of the absence of the insured without filing an affidavit under Common Law Rule 24 of the Superior Court (1922). The motion was denied. The counsel continued to represent the insured through the trial, and, after a verdict for the plaintiff, filed a motion for a new trial and on the same day notified the insured that the insurer disclaimed liability and would withdraw from the cases on a specified date; and upon that date counsel withdrew from the cases. *Held,* that

(1) The statement to the insured before the trial, that his unwillingness to attend was a violation of the terms of the policy, was not in substance or effect a disclaimer of full responsibility for continuing in sole control of the defence or a notice that the insurer did not thereby intend to, waive any defence to its liability under the policy;

(2) As the insurer continued to conduct the case for the insured in the circumstances disclosed without suggesting that the insured should engage personal counsel or otherwise take measures to protect his own interest in the case, it could not be heard to say that the failure of the insured to attend as a witness relieved it from liability under the policy;

(3) A decree for the plaintiff was warranted.

THREE BILLS IN EQUITY, filed in the Superior Court on August 17, 1928, and described in the opinion, for the collection under G. L. c. 175, §§ 112, 113, of judgments against Louis L. Destremps in the sums of $2,551.73, $536.07, and $397.76, respectively.

In the Superior Court, the suits were heard together by *Burns,* J. Material facts found by him are stated in the opinion. A final decree for the plaintiff was entered in each suit. The defendant appealed.

*F. M. Myers,* for the defendant corporation.

*M. B. Warner,* for the plaintiffs.

SANDERSON, J. These are three bills in equity brought under G. L. c. 175, §§ 112, 113, by the holders of judgments against Louis L. Destremps in actions at law for damages sustained by reason of the negligent operation of an automobile, to obtain the application of the amount due under an insurance policy held by Destremps to the satisfaction of the judgments. The issuance of the insurance policy by the defendant Employers Liability Assurance Corporation, Ltd. was admitted. The principal ground of defence was that the assured failed to perform a condition of the policy in the

following terms: "The Assured, when requested by the Corporation, shall aid in effecting settlements, in securing evidence and the attendance of witnesses, in defending suits, and in prosecuting appeals, and shall at all times render to the Corporation all co-operation and assistance in the Assured's power." The material evidence upon which the suits were heard in the Superior Court is reported.

The judge found that the assured did not cooperate with the insurer in defending the actions in accordance with the foregoing condition of the policy, but ruled that the insurer in electing to stay in the cases and proceed to trial "is estopped from disclaiming liability," and ordered the entry of a decree that the insurer pay the plaintiff in each case the amount of his or her judgment with interest from the date of the entry of judgment.

Shortly after the accident in which the plaintiffs were injured the assured accompanied a representative of the insurer to the scene of the accident and furnished him with a statement of facts concerning its occurrence. The assured then went away from Pittsfield leaving no address with the insurer, and thereafter the insurer had difficulty in locating him. Between July, 1926, and April 16, 1928, he had four different addresses, none of which was furnished by him to the insurer or its representative. On April 14, 1928, the insurer found him in New York City and advised him that his cases would be reached on April 16 and asked him to be in Pittsfield on that day. He replied that he could not come because of business and did not know when he could come, and stated to a representative of the insurer on the morning of April 16, that he could not come to Pittsfield, that his employer would not let him leave. At that time he was told that his unwillingness to attend violated the terms of his policy. The judge found that he could have left New York on April 15 or 16 and have arrived in Pittsfield in time to testify. When the cases were reached in the forenoon of April 16, counsel for the insurer made oral motions for a continuance because of the absence of the assured; these motions were denied. Thereupon the trial proceeded until its conclusion on the next day. Counsel for the insurer,

defending the actions on behalf of the assured, offered as a witness one of the occupants of the automobile of the assured at the time of the accident. After the verdicts, the insurer by its counsel of record acting for the assured filed motions for new trial and on the same day notified the assured that it disclaimed liability and would withdraw from the cases on a specified date; and upon that date counsel withdrew from the cases. Until this time no personal counsel for the assured had been in the cases. Common Law Rule 24 of the Superior Court (1922) requires a party who desires a continuance grounded on want of material testimony to file an affidavit stating among other things the particular testimony which the witness is expected to give. It does not appear what action the court would have taken if such affidavit had been made.

It appears from the facts found that the insurer had notice when the cases went to trial that the assured could not or would not come to court at that time, and it knew all facts upon which it now relies to establish a breach of the conditions of the policy. It did not then notify the assured that it disclaimed any liability under the policy or that by continuing in the cases it would not waive its defences to any action on the policy, but it elected to proceed with the defence of the cases in behalf of the assured and waited until unfavorable verdicts had been returned and its counsel had filed motions for new trial before it withdrew from the cases. The statement to the assured before or during the trial that his unwillingness to attend was a violation of the terms of the policy was not in substance or effect a disclaimer of full responsibility for continuing in sole control of the defence or a notice that it did not thereby intend to waive any defence to its liability under the policy.

In the absence of any notice to the contrary, the assured had a right to expect that the insurer which had undertaken to represent him in the actions would continue that representation until some notice should be given of its withdrawal or of a change in the capacity in which it was acting in the matter. It is assumed that the plaintiffs have no greater rights under the policy than the assured would have. *Lo-*

*rando* v. *Gethro*, 228 Mass. 181. *McMahon* v. *Pearlman*, 242 Mass. 367, 370. *Cogliano* v. *Ferguson*, 245 Mass. 364, 368.

In our opinion, as the insurer continued to conduct the cases for the assured under the circumstances disclosed without suggesting that the assured should engage personal counsel or otherwise take measures to protect his own interest in the cases, it cannot now be heard to say that the failure of the assured to attend as a witness relieves it from liability under the policy. *Francis* v. *London Guarantee & Accident Co.* 100 Vt. 425, 430. *Miller* v. *Union Indemnity Co.* 204 N. Y. Supp. 730. *Tozer* v. *Ocean Accident & Guarantee Corp. Ltd.* 94 Minn. 478. *Patterson* v. *Adan*, 119 Minn. 308. In *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 472, 473, the court said: "It has been held that where an insurance company takes control of the proceedings in an action brought against the assured, it is thereby estopped to say that the liability claimed is not within the terms of the contract." In that case, however, counsel for the assured participating in the trial could have protected all of his legal rights and for that reason the rule quoted was not applied.

No error appears in the refusal of the judge to give the requests inconsistent with his findings and rulings.

*Decrees affirmed with costs.*