Coös,
June 7, 1932.

SAMUEL H. DOOLAN *v.* UNITED STATES FIDELITY & GUARANTY CO.

*Bernard Jacobs* (by brief and orally), for the plaintiff.

*Shurtleff & Hinkley* (*Mr. Hinkley* orally), for the defendant.

MARBLE, J.   The accident alleged to be covered by the policy occurred at 7:30 o'clock on the morning of October 12, 1929.   The first notice of this accident which the assured gave the defendant was on January 21, 1930, when he wrote the company that an attorney had called on him and claimed that his car had struck the plaintiff's wagon on the twelfth of the preceding October.   He further stated that he was not in Lancaster on that date but was stopping at an overnight

camp, and that when he arose late in the morning he found that his car had been moved, that his spare tire was gone and his supply of gasoline depleted.

Three days later, plaintiff's counsel wrote the defendant that he had interviewed Curtiss, who disclaimed any knowledge of the accident. On March 5, Curtiss forwarded the writ which had been served on him to the defendant and again denied that he knew anything about the matter. On March 19, 1930, the papers in the case were forwarded to defendant's counsel, who entered a general appearance for the assured at the April term of the superior court. Depositions were taken on March 26 and on May 20.

Curtiss continued to assert his ignorance of the accident until April 25. On that date he informed defendant's counsel that his previous statements had been untrue, that he was in fact driving his car at the time of the accident and that there were others with him whose present whereabouts he did not know.

It was a condition of the policy that in the event of accident the assured should give the company written notice thereof as soon as reasonably possible and also furnish the names and addresses of available witnesses. On May 26 the defendant disclaimed liability because Curtiss had failed to comply with these requirements. Defendant's counsel withdrew from the case and the assured employed other counsel. The case of *Doolan* v. *Curtiss* was tried on June 10.

During oral argument in this court the plaintiff expressly waived his exception to the finding of the trial court that "the facts proved established a breach of the terms of the policy on the part of the assured and constituted a good defense to the action." The only question presented therefore is the correctness of the ruling that the defendant by its conduct is estopped to deny a waiver of the policy-provisions now relied on.

Agreement A in the policy has reference to the compulsory insurance law of Massachusetts and provides that, so far as claims arising against the assured in that commonwealth are concerned, no act or default on the part of the assured shall operate to bar recovery. Agreement B, which covers extra-territorial liability, contains no such provision. It follows, therefore, that the rights of the plaintiff under that agreement cannot be greater than those of the assured. *Daly* v. *Company*, 269 Mass. 1, 4.

Defendant's attorneys withdrew from the case in ample season to permit the assured to employ other counsel. He did so; and there is no evidence and no contention that he was in the slightest degree

prejudiced by the defendant's disclaimer. The present case differs in this respect from *Wilson* v. *Insurance Co.*, 77 N. H. 344, where the assured lost "all opportunity to make defence in his own behalf."

The company had every reason to believe that the assured had given it as prompt and as accurate notice of the accident as he could—or, to state the matter more explicitly, that he had not been implicated in any accident at all. After learning the truth, the defendant was entitled to a reasonable time in which to decide its course of conduct. *Myers* v. *Casualty Co.*, 223 Mo. App. 781, 787. There is no suggestion that the assured was adversely affected by the taking of a deposition during the period in which the company had the matter of disclaimer under advisement. The plaintiff had the burden of proof on this issue (*Muslow* v. *Company*, 79 N. H. 489, 490), and the mere fact that the deposition was taken did not work an estoppel.

"Prompt notice of accident is of great importance to . . . [an insurance company] in preparing its defense, while the happening is fresh in the minds of witnesses and the facts may be more readily and accurately ascertained. The policy requirement is, therefore, reasonable and substantial. The company is not bound, at its peril, to withdraw from defense at the outset. If it gives due notice of its reservation, does not deprive the insured of control of and participation in that defense, and, in general, does nothing to the prejudice of the insured, it waives none of its rights . . . under the provisions of the policy." *Commercial &c. Co.* v. *Company*, 32 Fed. Rep. (2d) 425, 433.

"It may be stated as a general rule that the acts or statements of an insurer admitting liability on a policy will not amount to a waiver of matters vitiating the policy, unless the insurer has knowledge of such matters at the time, and this is especially true if the insured has taken no action on the act before a denial of liability by the insurer, or has not been misled to his prejudice by such admission or act." *Blackwood* v. *Casualty Co.* (Ala.), 137 So. Rep. 467, 469.

The plaintiff relies upon the cases of *Lamarre* v. *Lamarre*, 84 N. H. 441; *Lombard* v. *Company*, 78 N. H. 110, and *Sanders* v. *Insurance Co.*, 72 N. H. 485. But nothing contained in these decisions is understood to apply to a case where the assured has concealed from the insurance company the fact that he has violated a condition of the policy and the insurance company does not know and is not chargeable with knowledge of this fact. See *Coolidge* v. *Insurance Co.* (Cal.), 300 Pac. Rep. 885; *Mason-Henry Press* v. *Insurance Co.*, 211 N. Y. 489, 498; *Meyers* v. *Casualty Co.*, 12 Fed. Rep. (2d) 52; *McGee* v. *Company*, 53 Fed. Rep. (2d) 953.

"The doctrine of waiver, as asserted against insurance companies to avoid the strict enforcement of conditions contained in their policies is only another name for the doctrine of estoppel." *Globe Insurance Co.* v. *Wolff*, 95 U. S. 326, 333; *Duval* v. *Insurance Co.*, 82 N. H. 543, 547; *Daley* v. *Insurance Co.*, 81 N. H. 502, 503; *Appleton* v. *Insurance Co.*, 59 N. H. 541, 545. "To a just application of this doctrine it is essential that the company sought to be estopped from denying the waiver claimed should be apprised of all the facts: of those which create the forfeiture, and of those which will necessarily influence its judgment in consenting to waive it . . . To permit such concealment [as that in the present case], and yet to give to the action of the company the same effect as though no concealment were made, would tend to sanction a fraud on the part of the policy-holder, instead of protecting him against the commission of one by the company." *Globe Insurance Co.* v. *Wolff*, *supra*.

*Judgment for the defendant.*

PEASLEE, C. J., was absent: the others concurred.