### GAY GAMES, INC., v. SMITH.
#### No. 8068.

Circuit Court of Appeals, Seventh Circuit.

Jan. 28, 1943.

Rehearing Denied Feb. 20, 1943.

Walter E. Barton, of Washington, D. C. (George G. Rinier, of Indianapolis, Ind., of counsel), for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, John E. Garvey, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., and B. Howard Caughran, United States Atty., of Indianapolis, Ind., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

To recover a refund of manufacturer's excise tax of $52,779.45, and interest, paid by plaintiff, from February 1, 1936, to July 31, 1938, to the defendant, this suit was brought. Trial was before a master, and later before the District Court, both of whom found for the defendant.

In the final analysis, the controversy narrows itself to a single issue, to-wit: Did plaintiff include the taxes it admittedly paid to the defendant, in the price of the article it sold to its customers? A better statement of the specific question upon which the foregoing issue turns, is this: Does the evidence support the finding of the District Court that plaintiff failed to establish the necessary fact that it did not include the taxes in its cost price to its customers?

That plaintiff paid the taxes, assessed under Section 609 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 612, is admitted. The amount thus paid is not in dispute. The nonapplicability of the tax to plaintiff's product is not here questioned. Plaintiff's right to recover under Sec. 3443 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3443 is, by the undisputed evidence, confined to one issue—sufficiency of plaintiff's proof that it did not include the tax in the price of the article when it sold the same to its customers.

The credit and refund section pertinent to this controversy reads: "No overpayment of tax under this chapter shall be credited or refunded * * * unless the person who paid the tax establishes * * * that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee. * * *"

Plaintiff argues that its proof affirmatively and conclusively shows that it did not include the taxes in its sales price when selling its product. It also contends that the master, who tried the issues and saw the witnesses, made specific findings which now make any other conclusion impossible. It finally contends that the court necessarily avoided or refused to follow these specific findings, or, in effect, rejected them in its more general findings and conclusions, which can not be reconciled with the master's specific findings.[1] This was contrary to Rule 53(e) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

In weighing this contention and examining the findings of both the master and the court, it is noticeable that the findings of the master are much more voluminous and detailed than those of the court. It was the practice of Master Ward to state in detail the evidence on which fact issues were based and then give his reasons for the findings he made. He also divided ultimate fact findings into evidentiary findings upon which his ultimate findings of fact depended. Such a practice is at times highly advantageous and helpful. The trial court, however, is not

---

[1] The master's general findings and conclusions were against the plaintiff, but appellant argues that these findings were inconsistent with the master's more specific findings on evidentiary but determinative issues.

required to pursue the same order or go into the same detail in its findings. The Rules of Civil Procedure (Rule 52) do not require the court to do more than to cover the ultimate fact issues. This, Judge Baltzell did. His findings are complete, although they are only one-fourth the length of the document called findings of the master, but which include, as before stated, a statement and discussion of the evidence.

While plaintiff presented evidence of its sales before and after it ceased billing the tax as a separate item, and charts of its transactions from which it rather persuasively argues that it did not include the taxes in its sales price, this evidence does not conclusively tell the whole story. Defendant presents equally persuasive testimony showing plaintiff's price lists of April, 1935, and November, 1935. It was between these two dates that plaintiff changed its policy from one of treating the tax as a separate item and one "for the convenience of our customers in computing prices on orders" which did not set forth the excise tax separately. These price lists on certain cards (plaintiff's business was making and selling baseball tally cards, tip cards, and jackpot tip cards, etc.) are here stated, taking two illustrations.

April, 1935—1 card 50¢—6 cards $2.75—1 dozen cards $5.

On Nov. 20th, 1935, when the change in its practice in re excise tax went into effect, the same cards were listed:

1 card 55¢—6 cards $3.00—12 cards $5.50.

"Football 29 tally cards" were quoted in the April 1, 1935 price list, to which 10% tax was to be added, as follows:

$1.25 per dozen—$6. per six dozen—$11 per gross.

On November 20, 1935, when the price list relieving the purchaser from paying any tax, was quoted, the prices were raised as follows:

$1.35 per dozen—$6.60 per six dozen—$12 per gross.

This evidence strongly supports the court's finding. It makes impossible a holding by us that the proof conclusively established that plaintiff did not include the tax in the price at which the article was sold.

Left only for consideration is plaintiff's contention that the master's spe-

cific fact findings support its position, and the court was required to accept them. Our construction of the findings leaves no dispute or conflict between them. In other words, we reject plaintiff's construction, and the effect, of the master's specific findings referred to by plaintiff.

The judgment is affirmed.