**NORWICH UNION INDEMNITY CO. v. HAAS et al.**

**No. 9980.**

United States Court of Appeals, Seventh Circuit.

Feb. 7, 1950.

828

Melville A. Gray, Frank H. Masters, Jr., and Gray, Thomas & Wallace, Joliet, Ill., for appellant.

Erwin W. Roemer, James A. Velde, Chicago, Ill. (Gardner, Carton & Douglas, Wayland B. Cedarquist, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judge.

LINDLEY, Circuit Judge.

Plaintiff appeals from a judgment for defendants in an action in which plaintiff sought a declaratory judgment that defendant Haas had violated the terms of an insurance policy issued to him by plaintiff and that, consequently, plaintiff was not liable to pay a judgment rendered against Haas in

the state court. The policy provided that, as a condition precedent to liability of the company, the insured would comply with all the terms of the policy, one of which was that "The Insured shall cooperate with the Company, and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits." It was Haas' alleged breach of this obligation upon which plaintiff relied.

On July 27, 1947, while the policy was in effect, Haas was involved in an accident in which defendant DeMitchell was injured and the automobile of defendant Halstead damaged. The automobile driven by the insured, Haas, collided with the Halstead car, driven by DeMitchell, on Route 66, on the outskirts of Joliet. The next day plaintiff, through its agents, instituted its investigation of the accident. Maute, an attorney retained by plaintiff, took a statement from Haas in which the latter averred that, at the time of the accident, he was returning to Joliet from Chicago, where he had attended a party. Haas testified that, before he signed the statement, he thought he had asked Maute "if it made any difference" where the party had been held. Haas was then referred to Harvey, an attorney whom Maute had employed to assist in the investigation. Haas was in Harvey's office at the time and in the presence of defendant DeMitchell when the latter said to Harvey that Haas had been drinking, (Haas admitted to Harvey that he had had "a few beers") and insisted that the accident had been due to the fact that Haas was driving without lights. When Harvey observed that it would be impossible for a man to drive from Chicago to Joliet at night without lights, DeMitchell told Harvey, " * * you will find that the party they attended * * * was held locally on 4-A Highway." Harvey thereupon asked Haas where he had been before the accident; Haas asked Harvey if it made any difference. Harvey replied that "it didn't make any difference," but that he wanted the facts concerning the accident. Haas then said that the party had been somewhere in Chicago.

In August, 1947, after defendants DeMitchell and Halstead had filed their complaint against Haas in the Circuit Court, Maute delivered his file on the accident to the lawyers who had been employed by plaintiff to defend the suit. Thereafter, neither Maute nor Harvey had any further connection with the case, which was placed in the hands of Mr. Masters, a member of the defending firm. In January, 1948, when his discovery deposition was taken, Haas testified concerning the party from which he stated he was returning at the time of the accident. Some three months later, Masters was told, by the attorney for DeMitchell and Halstead, " * * * you will find that Mr. Haas and the people in his car were at Elsie's," a tavern located on Route 66 about eight blocks from the scene of the accident. Masters promptly called Mrs. Haas, who, when told of what DeMitchell's attorney had said, admitted that the party had not been held in Chicago but at the Hi-Ho Club, near Lockport. Haas, also, admitted that the story he had related in his earlier statements and on discovery deposition was not true in that one respect, whereupon Masters told him that his action had been such as to furnish a basis for disclaimer of liability by the insurance company. However, with the authorization of plaintiff, Masters continued to represent Haas after the latter signed a reservation of rights agreement by which plaintiff reserved any defense it might have, due to Haas' "failure to cooperate."

The action in the state court resulted in a judgment against Haas, which was affirmed by the Appellate Court. Meanwhile, subsequent to the entry of judgment by the trial court but prior to the appeal therefrom, plaintiff had filed, in the District Court, its complaint for a declaratory judgment absolving it from all liability upon the policy held by Haas. The court below held that Haas had not broken the promises made by him in the cooperation clause, for the reason that his statement that he had been in Chicago prior to the accident did not relate to a material issue and that, even if the alleged breach were regarded as material, it had been waived by plaintiff; ac-

cordingly, judgment was entered denying the relief sought.

It is plaintiff's contention that the evidence shows conclusively that Haas failed to perform his obligations under the policy and that plaintiff did not waive such breach, and, consequently, that the judgment should be reversed. Plaintiff also urges that the findings of fact are insufficient and, in part, incorrect.

■ Plaintiff's criticism of the trial court's findings stems from the fact that no reference is made therein to Haas' misstatements in his deposition and that paragraph 6 of the findings contains an erroneous statement of fact. With respect to the lower court's failure to find that Haas had testified falsely, we observe that, under the decision of this court, in Gay Games, Inc. v. Smith, 7 Cir., 132 F.2d 930, 932, Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., does "not require the court to do more than to cover the ultimate fact issues" (See also Klimkiewicz v. Westminister Deposit & Trust Co., 74 App.D.C. 333, 122 F.2d 957, 958, and Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 142 F.2d 82.) Consequently such finding was unnecessary, for Haas' misstatements, which stood admitted, were not ultimate facts at issue in this case.

■ Paragraph 6 of the findings of fact, which plaintiff asserts is incorrect, is as follows: "On July 28, 1947, the day following said accident, plaintiff insurance company, through its agents, upon being informed of the happening of said accident, caused an investigation to be made concerning the same. In the course of the investigation on said day, plaintiff insurance company, through its agents, asked defendant Walter C. Haas where he had been before the accident. Whereupon said Walter C. Haas asked whether it made any difference where he had been before the accident and whether it was any of their business. In reply, said agents said in substance that they were not interested in what he was doing before the accident; and what they wanted was the facts at the time of the accident. Thereupon said Walter C. Haas stated that he had attended a birthday party in the City of Chicago, Illinois, before the accident, and signed a written statement to that effect."

Plaintiff, apparently relying on the last eight words of this paragraph, in conjunction with the word "thereupon" in the last sentence thereof, asserts that it is stated, in effect, that "Haas signed his written statement after his conversation with Harvey and DeMitchell," whereas the "true fact * * * is that Haas signed the statement before he ever saw Harvey." So to interpret this finding is to assume that Haas signed only one statement—the one prepared by Maute—whereas it appears from the record that he signed a second one in Harvey's office, obviously after he had seen and talked with Harvey. Moreover, plaintiff's argument assumes that Haas asked only Harvey whether it made any difference where the party had been held, while Haas testified that he thought he had discussed this matter with Maute as well as Harvey. The court's use of the word "agents" in its finding would seem to imply that it so found. And, finally, even were this court to regard the last eight words as "clearly erroneous" the sequence of these events, all of which occurred in the space of a few hours on the same morning can hardly be said to be of such vital importance, in relation to the ultimate fact found by the District Court, as to require or justify a reversal of its decision thereon.

Defendants assert that, in order for an insurance company to escape liability on the basis of the insured's breach of the cooperation clause in a liability policy, it must establish that the misstatement, where it is a misstatement on which the insurance company relies, relates to a material fact and has operated to its prejudice. Plaintiff replies that it has no quarrel with this proposition, but insists that Haas' misstatements were as to a material fact and prejudicial to it.

■ That a misstatement must be both material and prejudicial in order to constitute a breach of the cooperation clause of a liability insurance policy is evident from the Illinois cases. Thus, in Harrison v. U. S. Fidelity & Guaranty Co., 255 Ill.

App. 263, 286, the court stated: "Whether (the insured) rendered all reasonable co-operation and assistance to defendant, whether he intentionally made false and fraudulent statements to defendant as to the accident shortly thereafter, *whether defendant relied upon the same or it or its counsel were deceived thereby * * ** were all questions of fact for the jury and not for the court to determine." (Emphasis supplied.) And, in Rowoldt v. Cook Farmers Mutual Ins. Co., 305 Ill.App. 93, 26 N.E. 2d 903, 906, where, after verdict against the insurance company, the trial court granted the company's motion for a new trial on the basis of a breach by the insured of the policy's cooperation clause (the insured had told representatives of the insurer that he was not involved in an accident which he was charged with having caused and in which he later admitted he had been involved), the appellate court reversed the new trial order, holding that, among other things, "The rights of the insurance company were not prejudiced by the failure of Rowoldt, the insured, to file the written notice or truthfully to inform the company of the facts in the first instance."

But whether Haas' statement that the party was held in Chicago was a misstatement of a material fact is not necessarily decisive in this case. In the course of the trial of the negligence action against Haas the trial judge expressed doubt as to its materiality. He asked, "Does it make any difference whether the people were to Elsie's or Hi Ho Inn or my house or your house insofar as what was happening?" Furthermore, plaintiff's present insistence that the situs of the party was a material fact hardly coincides with the statement of its agent, Harvey, that "it didn't make any difference." Despite this evidence, we shall assume arguendo the materiality of the misstatement. The record reflects no prejudice to plaintiff, as the Illinois cases require, in view of the fact that its agent knew or should have known the true fact, after having been informed of it by De-Mitchell.

Plaintiff denies that Harvey had any knowledge that Haas was not telling the truth, but it seems beyond doubt that, after hearing DeMitchell's story, had he promptly and diligently investigated the disputed question of fact, or had he made an attempt to impress upon Haas, when Haas asked him if it made any difference where the party had been held, that it might be a material fact, he could have learned the truth, for when Masters did investigate later he did promptly discover the truth. Plaintiff suggests that Harvey was under no compulsion to give any credence to DeMitchell's statement, since DeMitchell was "a person with whom plaintiff's interests were in complete conflict." But the same thing is true of DeMitchell's attorney, yet, when the latter told Masters, in almost identical words, what DeMitchell had told Harvey, Masters, with no more information than Harvey had possessed several months earlier, displayed no hesitation in initiating an investigation which immediately revealed the truth.

Plaintiff asserts that it was prejudiced not so much by Haas' false statement to its agents as by his subsequent repetition which cast doubt upon his credibility and hampered it in its defense of the suit brought against him. But Haas' reiteration was no more than a projection of his original false statement to plaintiff and would have been forestalled had plaintiff's agent, Harvey, exercised ordinary diligence in ascertaining the true facts. Consequently, plaintiff, chargeable with the knowledge attributable to its agent, Harvey, that the party from which Haas was returning had not been held in Chicago, was not deceived and, consequently, not prejudiced by Haas' statement to the contrary. Under the Illinois decisions, therefore, Harrison v. Fidelity & Guaranty Trust Co., 255 Ill.App. 263; Rowoldt for Use of Flanagan v. Cook Farmers Mutual Ins. Co., 305 Ill.App. 93, 26 N.E.2d 903, there was no breach of the cooperation clause by Haas.

Over and beyond the questions of materiality or prejudice to plaintiff, the findings of fact of the trial court, supported by substantial evidence, clearly sustain the court's ultimate conclusion that even though the alleged breach may have been with respect to a material issue, plaintiff

waived the point. The court found that, upon inquiry by the plaintiff's investigators, Haas was asked where he had been before the accident and that Haas inquired whether it made any difference where he had been, and whether it "was any of their business"; that in reply, the agent said that plaintiff was not interested in what he was doing on that day before the accident, and that DeMitchell also advised plaintiff's agent that Haas had not been in Chicago before the accident but at a night club near Joliet. These evidentiary findings are amply supported by the evidence, and from them and other evidence in the record, it is apparent that plaintiff's agent at least had notice of the dispute about the location of the party as a result of DeMitchell's statement, if he did not actually know the location. The agent pursued the matter no further. He did not even inform his principal, the plaintiff, that a question about where Haas had been had arisen. Thus, on the day after the accident, the agent was put on notice of the fact that a dispute existed. It seems settled in Illinois that an insurance company waives its defense by continuing under the policy when it "knows or in the course of ordinary events should have known" the facts in question and further that the company was bound to have known, if in the exercise of ordinary diligence it could have known. These conclusions, we think, are amply supported by Illinois authorities. Korch v. Indemnity Ins. Co., 329 Ill.App. 96, 104, 67 N.E.2d 298; A-1 Cleaners & Dyers v. American M. L. Ins. Co., 307 Ill.App. 64, 73, 30 N.E. 2d 87; Stevens v. Fidelity & Casulty Co. of N. Y., 178 Ill.App. 54, 62; Columbian Three Color Co. v. Aetna Life Ins. Co., 183 Ill.App. 384, 389. See also cases discussed in 81 A.L.R. 1374, et seq. Upon careful review of the evidence we think there can be no question that it amply supports the ultimate finding of waiver by plaintiff.

 We have considered plaintiff's contention that the findings of the District Court are insufficient. It must be remembered that Rule 52 of Federal Rules of Civil Procedure does not require the trial court to make findings on all the facts presented or to make detailed evidentiary findings; if the findings are sufficient to support the ultimate conclusion of the court they are sufficient. Gay Games, Inc. v. Smith, 7 Cir., 132 F.2d 930, 932. In Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 142 F.2d 82, 84, the court said: "The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and whether they are supported by the evidence." See also Bowles v. Cudahy Packing Co., 3 Cir., 154 F.2d 891, 894. In view of these decisions we think the findings were sufficient. Thus, the court found ultimately that the insurer did not breach the cooperation clause and that, even though there was a breach, plaintiff had waived it. The more detailed findings fully support these conclusions and the evidence supports the findings.

The judgment is affirmed.