Madison County Mutual Automobile Insurance Company, a Corporation, Plaintiff-Appellant, v. Richard Slecka et al., Defendants-Appellees.

Gen. No. 60–O–2.

Fourth District.

March 8, 1961.

Rehearing denied March 30, 1961.

Burton C. Bernard and Joseph R. Davidson, of Granite City, for appellant.

Nick D. Vasilett, of Madison, and Morris B. Chapman, of Granite City, for appellees.

CULBERTSON, P.J.

This is an appeal from a declaratory judgment wherein the lower court refused to relieve the plaintiff, Madison County Mutual Automobile Insurance Company, from liability under an insurance policy insuring the defendant, Richard Slecka. In this declaratory judgment action, the plaintiff is contending that a breach of the cooperation clause by the defendant released it from liability under the policy. The alleged breach arose out of the conduct of Richard Slecka in conjunction with a prior law suit in which a James Orescovich, an intervenor in this action, was the plaintiff and Slecka the defendant. The events leading up to and including the trial of

the prior law suit are the basis of this declaratory judgment action.

James Orescovich, a friend of the defendant Slecka, was injured on January 18, 1958 while riding in a car driven by the defendant. Both men were hospitalized in the same room and discussed the accident together on at least one occasion before either was interviewed. Slecka's first statement given his insurer on January 30, 1958 indicated no conduct on his part which would render him liable to Orescovich. The original statement of Orescovich given the plaintiff three days later substantiated Slecka's story that Slecka had done no drinking with him that evening, was only traveling about 40 to 45 miles per hour and that he had not warned Slecka that evening about his driving prior to the accident. About two weeks later when interviewed again by the company representative, Slecka admitted that some of his original statements, which were backed up by Orescovich, were false in a number of particulars. Orescovich later filed suit against Slecka on March 7, 1958 and in his discovery deposition taken on May 3, 1958 he repudiated his previous story and claimed that Slecka had induced him to make the original false statements concerning the speed of the auto and the conduct of Slecka. Slecka, later the same day, was confronted with Orescovich's allegation of inducement and in his deposition he admitted talking with Orescovich in the hospital about the accident, prior to both of their original statements, but stated he merely suggested a story to Orescovich in a roundabout way. At the trial in October the original statement of Orescovich was put in evidence by counsel for the defendant. On rebuttal, the counsel for Orescovich called Slecka who testified that he did not come right out and ask Orescovich to make a false statement but merely mentioned some things to him

in a roundabout way. Orescovich then testified that he was induced by Slecka to lie in his original statement and did so to help his friend. Counsel for the insurer and Slecka continued its defense of the case for Slecka and the jury awarded a verdict to Orescovich on October 23, 1958 in the amount of $17,500.00. On October 24, 1958 the trial court entered an order permitting counsel for Slecka to withdraw. Plaintiff, insurer, then filed this declaratory judgment action seeking to be relieved of any liability for the judgment due to the fact that Slecka had breached the cooperation clause of the policy. Plaintiff is not contending a breach of this clause due to Slecka's changing his original story some two weeks after he first talked with a representative of the insurer. Rather, it is plaintiff's theory that it was led to believe by its insured, Slecka, at and immediately after the deposition of both Slecka and Orescovich, that if its insured were placed on the stand, he would repudiate any charge by Orescovich that Slecka induced him to make his original statement absolving Slecka from any misconduct. Plaintiff also contends that it first learned of this non-cooperation of Slecka in changing his story about inducing Orescovich, just prior to the close of the trial when Slecka was called as a rebuttal witness. This alleged failure of Slecka to inform his insurer of his supposed inducement of Orescovich is the basis of the plaintiff's action here.

The record discloses that Orescovich stated on his deposition that Slecka had asked him to "help him out a little" because he feared the loss of his driver's license and insurance. Orescovich stated that, "I told him I would help him out if I could." Orescovich then admitted in his deposition that he had lied when his first statement was taken and in truth Slecka had been drinking and was traveling too fast at the time

of the accident. Later the same day, with both counsel for plaintiff and defendant present, Slecka's deposition was taken and he was confronted with Orescovich's charge of inducement. He was asked, "you think it was just on the one occasion you went over with him (Orescovich) how it happened and asked him if you were right in how it occurred, is that what you are saying?" to which Slecka replied, "yes sir, in a round about way." Later during the trial, when Slecka was called as a rebuttal witness in answer to repeated questioning on whether he had requested Orescovich to falsify his statement, Slecka answered, "I didn't actually have him go along with me," "well I can't say I told him to say what he did. We discussed it quite a few times" and "I don't believe I came right out and asked him to falsify." Comparing the two separate statements of Slecka, one on his deposition in May 1958 and the others at the trial, it cannot be said that Slecka materially changed his position misleading the plaintiff prior to the time he was called to the witness stand, thus violating the cooperation clause. Plaintiff had just as much information on Slecka's supposed inducement of false statements by Orescovich immediately following the time the depositions of both men were taken in May 1958 as it did after Slecka's testimony at the trial. Also the evidence shows that the plaintiff was never notified of the accident by the defendant, Slecka, but learned of it from Orescovich's mother. There is further evidence that the plaintiff knew defendant and Orescovich were friends, that Slecka had already changed his story once two weeks after the accident and also that Slecka was an assigned risk. With knowledge of all of these factors in May 1958 the plaintiff made no effort to be relieved of any liability or even continue the defense under a reservation of rights and thus it waived any right to later deny

393

liability, especially after it had proceeded to trial and received an adverse verdict. If there was a breach of the cooperation clause by the defendant, the plaintiff had just as much knowledge concerning the breach in May 1958 as it did at the conclusion of the trial. In Allstate Ins. Co. vs. Keller, 17 Ill. App. 2d 44, 149 N.E.2d 482, the court considered the question of waiver by an auto insurance company after learning of a breach of the cooperation clause. At pages 50 and 51 the court said: "The law is generally well settled that the failure of an insurer promptly to elect to disclaim liability, upon discovering facts indicating a breach of the cooperation clause by the insured, constitutes a waiver by the insurer of any rights which might otherwise accrue to it as a result of the breach. Norwich Union Indemnity Company vs. Haas, 179 F.2d 827 (CA 7 1950); Searls vs. Standard Accident Insurance Company 316 Mass. 606, 56 N.E.2d 127 (1944); Daly vs. Employers Liability Assur. Corp. 269 Mass. 1, 168 N. E. 111 (1929)." In Krutsinger vs. Illinois Casualty Company, 10 Ill. 2d 518 at page 526 the court stated: "When an insurer wishes to assert its nonliability under the policy, it must notify the insured without delay."

The question of whether the plaintiff actually had this knowledge of the alleged non-cooperation in May 1958, seven months prior to the trial in October, is a question of fact which was determined by the trial court. Harrison vs. United States Fidelity & Guaranty Co., 255 Ill. App. 263. We feel that the trial court's decision, based partly upon a review of the depositions and testimony set forth above, was not against the manifest weight of the evidence.

The plaintiff relies to some extent upon the recent case of Standard Mutual Ins. Co. vs. Kinsolving, 26 Ill. App. 2d 180, 167 N.E.2d 241. In that case the insured was in an automobile accident on July 9,

1956. On July 11, 18 and 23 in 1956 and again in September 1957, after suit was filed, the insurer received statements from its insured and others stating that their insured, Kinsolving was the driver of the automobile involved in the accident. Finally in March of 1958 Kinsolving admitted to his insurer that he was not the driver of the car. Shortly thereafter the insurer served a reservation of rights notice on Kinsolving, and on a later declaratory judgment action it was exempted from any obligation to defend or pay any judgment against Kinsolving. In this Kinsolving case there was a very clear violation of the cooperation clause when Kinsolving led his insurer to believe he was driving the auto for over a year and a half after the accident before finally telling them the true story. Also the insurer Standard Mutual, served a reservation of rights notice on the defendant as soon as it learned of the breach, and this was not done in the instant case.

Finally, it is contended by the plaintiff that the reasons given by the trial judge in holding for the defendant in the declaratory judgment action were not sufficient. The trial judge gave as his reason for his holding for the defendant the fact that there had been a waiver by the plaintiff. Although we feel the waiver took place earlier than the trial judge set forth, we still feel that he was correct in holding that the plaintiff had waived its right to assert a breach of the cooperation clause of its policy.

There is abundant evidence in the record to support the judgment order of the trial court and same is therefore hereby affirmed.

Affirmed.

SCHEINEMAN, J. and HOFFMAN, J., concur.