**AMERLINE CORPORATION and Honeywell, Inc., Plaintiffs-Appellants,**

v.

**COSMO PLASTICS COMPANY, Defendant-Appellee.**

**Nos. 16449, 16863.**

United States Court of Appeals Seventh Circuit.

March 3, 1969.

George B. Newitt, James v. Callaghan, Chicago, Ill., for Amerline Corp.

Walter E. Wyss, Chicago, Ill., John F. Pearne, Cleveland, Ohio, for Cosmo Plastics. McNenny, Farrington, Pearne & Gordon, Cleveland, Ohio, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., of counsel.

Before KNOCH, Senior Circuit Judge, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed the infringement suit of plaintiffs Amerline Corporation and Honeywell Inc. on the ground that the subject matters were obvious, and therefore the patents were held invalid under 35 U.S.C. § 103. The court however denied defendant Cosmo Plastics Company attorneys' fees.

Plaintiff Amerline has appealed, and Cosmo has cross-appealed. We affirm.

There were three patents in suit at the trial: Brekke, No. 3,083,930 and Brekke-Johnson, No. 3,131,371, both assigned to plaintiff Honeywell; and Muszynski-Weyrich, No. 3,117,294, assigned to Amerline. The Brekke patent issued April 2, 1963, on application filed August 13, 1959; the Muszynski-Weyrich patent issued January 7, 1964, on application filed September 8, 1959; and the Brekke-Johnson issued April 28, 1964, on application filed March 8, 1959.

The district court found that the subject matters of all patents were obvious. However, this appeal challenges only the finding with respect to the Muszynski-Weyrich patent. The defendant, Cosmo, has conceded infringement, if the Muszynski-Weyrich patent is valid.

This patent, as well as the other two, is concerned with a slot in the flange of a plastic bobbin (a hollow plastic tube having insulating properties) on which an electric coil is wound. The slot is designed to insulate the lead wire from the enamelled wire which is wound in successive layers on the bobbin. The insulation is needed to protect against possible short circuits resulting from the lead wire bearing against the wire wound on the bobbin,[1] breaking the thin enamel insulation, and thus causing electrical contact.

The asserted advantage of the invention claimed is the saving of costs by eliminating the need to position manually the lead wire onto the inner surface of the flange and insulate it from the coil with tape. The Muszynski bobbin, it is claimed, can be wound on an automatic winding machine.

### Amerline's Appeal

On the basis of 109 findings of fact, the district court concluded that all the Muszynski claims are invalid for lack of "novelty and/or unobviousness," in view of the prior art within the meaning of 35 U.S.C. § 103. Amerline contends that the findings are clearly erroneous, that the court erred as a matter of law by failing to apply proper tests for "nonobviousness" laid down in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and that in making the finding with respect to the prior art the court did not consider the evidence showing abandonment of that art.

Amerline has not persuaded us that the court's findings as to obviousness are clearly erroneous. We come to this conclusion despite Amerline's argument that the presumption of validity of the claims was not properly weighed against defendant's burden to prove invalidity with "clear and cogent" evidence. See Devex Corp. v. General Motors Corp., 321 F.2d 234, 238 (7th Cir. 1963).

Bobbins were old in the art. So were flange slots, used for insulating coil windings. Developments in the three slots in the patents before the trial court indicate that the improvement, one over the other, is in the shape of the slot. First, Brekke's original diagonal slot cut completely through the bobbin flange; the next development, Brekke-Johnson, was a diagonal slot that did not completely cut through the flange; and finally, Muszynski-Weyrich had the L-shaped slot, which, also, did not completely cut through the flange. Before the Patent Office, two claims of the Brekke-Johnson and Muszynski-Weyrich patents were placed in interference. The interference was settled and the counts stricken in view of the prior Howenstine patent. Brekke filed new claims covering a slot not going completely through the outer flange surface.

In the Brekke bobbin, the slot is cut diagonally through the flange with the parallel slot walls sloping away from the slot opening on the inner flange surface. The Brekke-Johnson bobbin differs in that the sloping parallel diagonal slot walls do not go completely through the

---

1. The coil resulting from winding the wire on the bobbin is used in electrical devices, transformers, thermostatic controls, and the like.

flange. In the Muszynski-Weyrich bobbin, there are four walls, two of which are parallel to the flange surfaces, and two of which are perpendicular to these surfaces. The parallel walls join the perpendicular walls at right angles, to form a slot in the shape of an "L". The essential differences between the three slots can be seen from the sketches here which illustrate the top, or plan, view of three flanges containing the three slots. The heavy black areas represent the terminal lugs, to which the lead wires are connected.

Brekke       Brekke—Johnson       Muszynski—Weyrich

Brekke testified that the distinction between a slot passing completely through the bobbin flange and not doing so was nothing "very earthshaking * * * just engineering, ordinary engineering design." This is the impression we gain from comparing the exhibits. And the court found it significant that the claims purport to be improvements over several slot forms in bobbins developed by Johnson, Howenstine and Eller, prior to or contemporary with the claims developed by Amerline's assignor, indicating a somewhat common idea and precluding an idea of uniqueness or individual inventiveness.

It is clear from the findings that the court determined the scope and content of the prior art, and the level of ordinary skill in the pertinent art. Thus the requirements of Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), with respect to decision on the non-obviousness issue are satisfied. Findings 62 to 83 deal with the prior art generally, and with, inter alia, Johnson, Eller and Howenstine. Findings 86 to 95 compare the prior art and the claims in suit. And the court heard testimony upon which it could find that the improvement in the claims in suit over the prior art would

be obvious to the average engineer in the art. We think the record gives substantial support to the district court's finding of obviousness.

We see no merit in Amerline's argument on "secondary considerations" that the court failed to consider "critical uncontradicted evidence" with respect to "non-obviousness." There was, as Amerline argues, evidence that defendant in 1963 and 1965 advertised, and in its catalogue praised, "lead slot" grooves with a description, of their use and benefits, and thus implied the Amerline slot was not obvious. This fact is of no aid to Amerline's claim that the district court failed to consider the evidence. The court found prior art invalidated the patent. If this is so, there is no reason why the court should have found that defendant "rode on the crest of Amerline's success" in the advertisement and catalogue. The court was not required to make findings with respect to all evidence introduced. Norwich Union Indem. Co. v. Haas, 179 F.2d 827, 832 (7th Cir.1950). It is sufficient if there is substantial evidence to support the finding. *Id.* The findings and conclusions support the presumption that the court considered the evidence relevant to the issue of non-obviousness.

Moreover, there is no merit in the claim that the court either ignored or erroneously made findings on the question of commercial success. The court was not required under Rule 52, Fed.R.Civ.P., to make findings on all facts presented. Norwich Union Indem. Co. v. Haas, 179 F.2d 827, 832 (7th Cir. 1950). It found the only evidence that the L-shaped slot was commercially successful related to improvements subsequent to Amerline's original production, and that the evidence failed to show that success would not have resulted "but for" the improvements attributable to Amerline's patented device. If the findings are justified, any commercial success of Cosmo's device cannot be attributed to Amerline's "invention."

We agree with the district court that the prior art precludes a finding of validity. The court found the Johnson of Barber-Colman bobbin with an L-shaped slot was reduced to practice in the fall of 1957 before the conception of the Amerline claims. It found the Eller bobbin with an L-shaped slot reduced to practice "at least" by July 21, 1958, prior to reduction of claims in suit. It found the Howenstine electric coil patent bobbin with an L-shaped slot had an added part—"making a sort of T"—which penetrated the flange. This was in commercial production, the court found, prior to the "earliest conception" of the Brekke patent, and necessarily was prior art to the Amerline claim. The second Howenstine patent similar to Brekke's electrical coil patent contained an L-shaped slot patented prior to conception of the Brekke-Johnson patent. Finally, the court found the Brekke patent itself was prior art against the Muszynski-Weyrich patent.

The district court found that the only novelty in the claims of the three patents in the trial "must be found to reside in the mere form, shape or proportions of the slots. * * *" The bobbins and coiling of insulated wire were old in the art. The terminal lugs in claims 3 and 4 of the Muszynski-Weyrich patent were covered in both the Brekke and Brekke-Johnson patents. The court's finding is justified, as is the finding that the patent's capacity for automatic winding "appears to have been a later development." There is no substantial evidence that this capacity was disclosed in any of the three patents, or that Amerline's original production comprised such a method.

Amerline argues that the prior art of Johnson of Barber-Colman and Eller of Deluxe Coils, Inc., should not be considered absent a showing by defendant that those inventions were not abandoned. 35 U.S.C. § 102(g). It claims these inventions were not given

to the public. We deem it unnecessary to discuss this argument at length because this prior art was cumulative to the Howenstine and Brekke prior art against Amerline's claim. This court has held that the one claiming abandonment has the burden on this issue to prove "very clearly" the intention to abandon. International Tel. Mfg. Co. v. Kellogg Switch Board & Supply Co., 171 F. 651, 656 (7th Cir.1909). The district court was not required to make a specific finding of non-abandonment. The finding was implicit in the ultimate finding with respect to the prior art.

■■■■ Amerline urges, in support of its abandonment theory, a delay of six years in the case of Johnson and eight years in the case of Eller, in making their inventions public. But mere delay is not sufficient to show abandonment. Sinko Tool & Mfg. Co. v. Automatic Devices Corp., 157 F.2d 974, 976–77 (2d Cir.1946). There is substantial evidence of Johnson's continuous interest and attempts to commercialize his invention after its conception. The evidence that it was "kind of set aside" was insufficient in the face of the evidence for Cosmo on this issue. There is also a lack of substantial evidence that Eller's invention was abandoned. Again the mere claimed lapse of eight years alone—in giving the invention to the public—is insufficient. There is evidence that both Eller and Johnson made models of bobbins they designed, that attempts to manufacture Eller's bobbin failed for economic or other reasons, and that his bobbin was manufactured commercially. Amerline and Cosmo argue from evidence bearing on the issue and we see no need of detailing the dispute about the permissible inferences to be drawn. It is sufficient that we think the district court could properly infer that neither Johnson nor Eller intended to, or did, abandon their inventions.

We find no error in the district court's conclusion of invalidity—based on the findings of fact not shown to be clearly erroneous—that the four Muszynski-Weyrich claims in suit are invalid as obvious within the meaning of 35 U.S.C. § 103 in view of the prior art.

### Cross-Appeal

Cosmo has cross-appealed from the judgment in its favor, in so far as the judgment failed to allow it attorneys' fees under 35 U.S.C. § 285.[2]

Cosmo prepared the 109 findings of fact, which were adopted by the district court except for the deleted parts dealing with alleged misconduct with respect to Brekke and Brekke-Johnson before the Patent Office. For example, all of proposed findings #28, 102, 103, 104, 105 and 110, 111, 112, and 113 were deleted, as well as part of #32 and of 101. The court also proposed conclusions of law # 8 and #9.

The inference from the deletions is that the court, contrary to an alternative assumption of Cosmo, considered well the question of allowing fees, since the deletions bear on this question. The misconduct charged is mostly with respect to the patent applications of Brekke and Brekke-Johnson. Neither of these patents is before us on appeal, although Muszynski-Weyrich is charged with participating in a "sham" interference in the Patent Office.

The district court found that Brekke's attorney had misrepresented the "function and character" of the slot in the Howenstine patent by describing as a "defect" the added portion of the slot in Howenstine's bobbin. This made a T-form of the L. Trial evidence, however, showed that it was not a defect but an "added feature," and that but for the misrepresentation the Patent Office would have had no "plausible basis" to grant Brekke claims over the Howen-

---

2. **Attorney's Fees.** The court in exceptional cases may award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285.

stine patent. The district court further found that affidavits filed by Brekke and Brekke-Johnson before the Patent Office were intended to refer to different slot forms when actually the references were to the same L-shaped slots, and that the Brekke affidavits in prosecution of the patent before the Patent Office repeatedly claimed "exceedingly great commercial success," whereas trial evidence disclosed Brekke slots had never been in commercial use.

We think that "defect" could mean that the Howenstine form was defective in relation to an L-shaped slot because of the addition which made a T-shaped slot. This is presumably what the Patent Office thought when examining a drawing of the Howenstine bobbin which Brekke had presented.

Cosmo argues that granting the arguability of one of the three patents originally in suit, plaintiffs could not reasonably have believed more than one was valid. It seems to us that if any one of the three is arguably valid, Cosmo is not much worse off for having to fend off three, since it argues they are substantially the same.

■ Defendant recognizes that courts are reluctant to upset district court decisions as to awarding of fees. We have not been persuaded that fraud and wrongdoing have been clearly proved, nor that this is an exceptional case in which fees must be awarded to prevent "gross injustice." Sarkes Tarzian Inc. v. Philco Corp., 351 F.2d 557, 560 (7th Cir.1965). It concedes that allowance of fees was within the court's discretion and that it has the burden of showing an abuse of discretion. We conclude the court did not abuse its discretion.

The judgment of invalidity of Amerline's Muszynski-Weyrich patent and denying of defendant attorneys' fees is affirmed.