**PETERSON et al. v. BORDEN CO. et al.**
**No. 4498.**

Circuit Court of Appeals, Seventh Circuit.
June 11, 1931.
Rehearing Denied July 16, 1931.

Francis W. Marshall, of Chicago, Ill., for appellants.

Cutting, Moore & Sidley, Donald F. McPherson, James F. Oates, Jr., and John Paulding Brown, all of Chicago, Ill., and Beverley R. Robinson, of New York City., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Plaintiffs appeal from the judgment dismissing their suit, after the sustaining of the demurrer to their declaration.

As stated in plaintiffs' brief: "This action was brought to recover damages for injury to plaintiffs' property caused by the alleged violation of the antitrust laws by the defendants as provided in U. S. Code, title 15, § 15 [15 USCA § 15]. The section of the antitrust laws alleged to have been violated is Title 15, Section 18."

The declaration charged in substance that plaintiffs owned 315 shares of the Clover Leaf Milk Company, an Illinois corporation engaged in interstate commerce in milk in competition with the corporate defendants, who were likewise engaged in such interstate commerce; that the two individual defendants named in the declaration (but not served with summons, and not appearing in the action) owned a majority of the stock of the Clover Leaf Milk Company, and were its controlling officers and directors; that the individual defendants had arranged with the corporate defendants, or one of them, for the acquirement by the corporate defendants of all the assets of the Clover Leaf Milk Company in exchange for 8,000 shares of stock of defendant the Borden Company, and that in order to carry out the project it was necessary to acquire the said stock of plaintiffs; that the individual defendants conspired together for the acquirement of said stock, and by means of false representations by said individual defendants to the plaintiffs the individual defendants succeeded in purchasing plaintiffs' stock at the price of $535 a share, when in fact the said stock was worth $1,000 a share; that the corporate defendants entered into the conspiracy to so defraud plaintiffs by supplying to the individual defendants cash to the extent of $181,000 to enable the purchase to be made; that thereupon the individual defendants caused to be conveyed to the corporate defendants, or one of them, all the assets of the Clover Leaf Milk Company, and the corporate defendants delivered to said Clover Leaf Milk Company 8,000 shares of the stock of the Borden Company, and that thereupon the Clover Leaf Milk Company changed its name, and shortly thereafter the corporation was dissolved; that prior to the said transactions the corporate defendants, or one of them, and the Clover Leaf Milk Company were in competition in the milk business in the city of Chicago, but that upon the purchase by the corporate defendants of the assets of the Clover Leaf Milk Company, and the dissolution of the latter, competition between them ceased, and that the effect of the transaction was to substantially lessen competition and to create a monopoly, contrary to the provisions of the federal anti-trust laws; that the property of plaintiffs was thereby damaged by the difference between the value of their said stock, which was $315,000, and the amount of $168,525, which it actually received for it. Treble damages and attorneys' fees, as provided in the statute, are demanded.

 Whatever of other infirmities the declaration may disclose, we are met at the outset with the utter want of causal relation between the alleged injury to plaintiffs and the alleged statutory transgression by any of defendants. The statute was not designed to give to stockholders who have been defrauded in the sale of their stock treble damages for

646

their injuries, nor indeed any new or additional remedy for such injury. If they have been thus defrauded, the law aside from the anti-trust statutes affords ample remedy. The sale of corporate stock holds no different relation toward the statute here invoked than would a horse trade, or any other transaction between parties.

■ Assuming the declaration to charge sufficiently that the corporate defendants had directly or indirectly acquired the Clover Leaf Milk Company's stock, the right of action given to persons injured through the resultant tendency to substantial lessening of competition or creation of monopoly would include such injury only as such tendency to lessen competition or to create monopoly engendered. We do not understand how a stockholder of an absorbed corporation who parted with his stock for less than its actual value can attribute his loss to the substantial lessening of competition or the creation of monopoly through acquirement of the corporate stock by a corporate competitor. The competition destroyed or the monopoly created could not injure him in his relation as a stockholder of the acquired corporation, since he had parted with his stock.

If he has sustained injury in the sale of his stock through the fraudulent conduct of the purchaser he does not thereby become a "person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws," to whom alone right of action is given by section 15.

The declaration falls far short of stating a cause of action, and the judgment of the District Court is affirmed.