### The DOLE VALVE COMPANY, Plaintiff-Appellant,

v.

### PERFECTION BAR EQUIPMENT, INC., Defendant-Appellee.

### No. 17426.

United States Court of Appeals Seventh Circuit.

Dec. 11, 1969.

------

Hill, Sherman, Meroni, Gross & Simpson, John D. Simpson, Lewis T. Steadman, Robert A. Stenzel, John T. Loughlin, Victor E. Grimm, William R. Carney, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for plaintiff-appellant, The. Dole Valve Company.

William Marshall Lee, Richard G. Lione, Gerald D. Hosier, Hume, Clement, Hume & Lee, George E. Hale, George W. K. Snyder, Jr., Wilson & McIlvaine, Chicago, Ill., for defendant-appellee, Perfection Bar Equipment, Inc.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge, and GRANT,* District Judge.

DUFFY, Senior Circuit Judge.

Plaintiff-appellant (Dole) charges Perfection Bar Equipment, Inc. (Perfection) with infringement of the Wallace R. Kromer Patent No. 3,162,323 (323) owned by Dole. Perfection filed a counterclaim relating to various antitrust allegations. This counterclaim was severed for separate trial to be held at a later date.

Issued in 1964, the Kromer patent in suit covers a "method of and apparatus for carbonating, cooling, storing, distributing and dispensing beverages. * * "

The general subject matter of the patent in suit as well as the accused structures, concerns a continuously circulating soda water dispensing system of a type which is arranged to dispense a beverage from a storage receptacle by way of dispensing heads located at one or more remote stations. The cooling and carbonation of water takes place at one point and the dispensing of the carbonated water from the system takes place at a remote point.

Three soda dispensing systems which had been marketed by defendant were charged to infringe claims of the patent in suit. They were the "Strenger" system charged to infringe claims 2 to 6, inclusive; the Dunham-Bush "RB" system also charged with infringing claims 2 to 6, inclusive, and the "Richards" system which is defendant's current commercial system, was charged to infringe only claims 2 and 3.

The trial court held that both the Strenger and Dunham-Bush RB systems infringed claims 2, 3, 4, 5 and 6 of the patent in suit. No appeal has been taken from this ruling.

The trial court also held that the Richards system did not infringe claims 2 and 3. Appellant claims the trial court was in error in this respect.

Appellant challenges the finding and conclusion of the trial court that the patent in suit was anticipated by German patents, Laubach No. 288,219 and Laubach No. 280,997, issued in 1915 and 1914 respectively. Appellant also challenges the finding that the alleged invention contained in the patent in suit was obvious at the time of the alleged invention and also the finding of anticipation by the prior art.

Patent 323 in suit was issued to Mr. Kromer on December 22, 1964. The patent is labeled a "continuation-in-part" of an earlier Kromer patent, No. 3,058,-620 which, in turn, is asserted to be a "continuation-in-part" of a still earlier Kromer patent, No. 3,011,681. These two patents also are owned by Dole and were the only references cited by the

* Chief United States District Judge Grant of the Northern District of Indiana, is sitting with this Court by designation.

Patent Office during the prosecution of the patent in suit.

Dole claims that in early dispensing systems, carbonated water in the pipe lines became warm and unpalatable because no carbonated water circulated through the pipe except when the faucet was opened. Dole says the problem was insuring that soda water drawn from the tank be both carbonated and cooled to the desired level when dispensed.

The soda water system disclosed in Figure 8 of the patent in suit comprises a continuously operating pump which circulates carbonated water in a closed circuit between a carbonator tank and one or more faucets from which water can be drawn. Two water level sensing electrodes are disposed in the tank for sensing respective upper and lower limits of water level therein. The two electrodes control a relay-actuated device for causing refill of the tank when the lower electrode senses a predetermined lower level of water and for stopping refill flow when the upper electrode senses a predetermined upper level. Refill is accomplished through a one-way check valve which opens to permit flow into the tank but closes automatically when the refill has been completed to prevent reverse flow.

Defendant Perfection claims all this was incorporated in Mr. Kromer's prior Atlas System which was sold starting in 1959 which was more than one year prior to October 5, 1962, the filing date of the patent in suit.

As pointed out by the trial judge, the earlier Kromer patents and others disclosed fluid systems which carbonated fresh water, stored and refrigerated it in a tank, circulated the water to dispensing faucets and automatically added fresh water to the system when needed. In those systems, water was circulated in a closed circuit, including a storage tank, by a constantly operating suction pump. When the level of the fluid in the tank reached a predetermined lower level, sensing electrodes actuated a second pump which then drew fresh water into the system. The water level of the tank rose and when it reached a predetermined upper level, a second sensing electrode stopped the intake pump. An ordinary check valve closed the fresh water line when it was not in use.

In the patent in suit, the circulation pump and the intake pump were replaced by a single pump and a control valve. To accomplish this, the fresh water is no longer drawn into the tank through a separate pipe. Instead, the patent in suit connects the fresh water inlet directly with the circulating system, joining that system between the control valve and the single pump. This juncture is upstream from the pump so that when the control valve is closed, the pump's suction pulls fresh water into the system, but when the control valve is open, the check valve prevents fresh water from entering. The pump then circulates carbonated water throughout the dispensing unit. Thus, the constantly operating pump performs both the intake and the circulation functions.

The trial court acknowledged the advantages of a single pump and a control valve as contrasted with a system using two pumps. However, the Court held "But utilization of one pump to perform the two functions of circulation and refill was not new." The Court also pointed out that control valves, check valves and electrical relays are old in the art and, in fact, that neither party contended that any of the elements in the patented system are new.

The trial court considered the 50-year old Laubach (German) patents as the "most relevant prior art." 35 U.S.C. § 102; Borg-Warner Corporation v. Mall Tool Company, 220 F.2d 803, 805 (7 Cir., 1955). Each Laubach patent clearly discloses a soda dispensing system of the single pump type employing a specific combination of means whereby soda water can be continuously recirculated and re-carbonated and wherein fresh water can be drawn into the system all with a single pump.

In appellant's brief at page 7 it is stated: "The Kromer invention defined by claims 2 and 3 which are at issue, pertains to a beverage dispensing system of a *single pump* type employing a *specific combination of means* whereby soda water can be continuously recirculated and re carbonated and wherein fresh water can be drawn into the system and carbonated as water is drawn from the system, all with the single pump."

Quite naturally, appellant attempts to deprecate the Laubach references. They were not considered by the Patent Office during the prosecution of the Kromer patent in suit. However, it is quite clear that these Laubach references were more pertinent than Kromer I and II which the Patent Office did consider.

■ There was sufficient testimony to justify the conclusion of the trial court that the claimed invention of the patent in suit was obvious at the time the claimed invention was conceived, 35 U.S.C. § 103; Gass v. Montgomery Ward & Co., 387 F.2d 129, 130 (7 Cir., 1967). True, appellant's counsel endeavored to limit the field to the beverage dispensing field, thus attempting to weaken the testimony of defendant's witnesses. However, the trial court held that experts in the more general field of fluid flow were qualified to give expert testimony in this case. We find no error in this ruling.

Defendant's witnesses testified that at the time of the Kromer alleged invention, his contribution was obvious to one skilled in the art. Specifically, that the level of ordinary skill at that time included an awareness of 1) the various elements comprising the Atlas system which was then on the market such as the carbonating, refrigerating, level sens-

ing and circulating means, and 2) a knowledge of how to utilize suction pumps, control valves, check valves and three-way valves in combination with one another.

We also agree with the trial court's observation that "[U]nification of the intake and circulation lines, with concomitant replacement of two pumps by a single pump and a control valve was obvious to one skilled in the art."

■ We hold that the claimed invention of the patent in suit was obvious to one skilled in the art as of the time the invention was conceived. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Walt Disney Productions v. Fred A. Niles Communications Center, Inc., 369 F.2d 230, 234 (7 Cir., 1966).

The finding of the District Court of patent anticipation presents a closer question. "As a rule, in order to have anticipation, all of the elements of the patented device or their equivalents must be found in a single prior device. * * * But it is sufficient if the general aspects are the same and the difference in minor matters is only such as would suggest itself to one of ordinary skill in the art." Amphenol Corporation v. General Time Corporation, 397 F.2d 431, 438 (7 Cir., 1968).

Although we do not hold the finding of anticipation by the trial court to be erroneous, we prefer to affirm the judgment of the trial court on the question of obviousness.

We further approve the holding of the District Court of non-infringement by the Richards System of claims 2 and 3 of the patent in suit.

Judgment affirmed.