The **DOLE VALVE COMPANY,**
Plaintiff,

v.

**PERFECTION BAR EQUIPMENT, INC.,**
Defendant.

No. 67 C 1126.

United States District Court,
N. D. Illinois, E. D.

April 3, 1970.

———◆———

Bell, Boyd, Lloyd, Haddad & Burns and Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiff.

George E. Hale, George W. K. Snyder, Jr., and Gary H. Kline, Wilson & McIlvaine, and Hume, Clement, Hume & Lee, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

The Dole Valve Company (plaintiff and counterdefendant) filed suit for infringement of its patent covering an invention of a method and apparatus for carbonating, cooling and dispensing beverages. Perfection Bar Equipment, Inc. (defendant and counterclaimant) answered, alleging invalidity and non-infringement, and counterclaimed for treble damages and equitable relief for Dole's alleged violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. The patent was tried and found invalid for obviousness and anticipation, 298 F. Supp. 401; the Court of Appeals affirmed on the obviousness ground, 419 F.2d 968. Cross motions for summary judgment on Perfection's counterclaim, which were denied without prejudice during the pendency of the appeal, have now been renewed.

The plaintiff is a corporation engaged in the manufacture and sale of beverage dispensing equipment. Defendant is in the business of marketing similar products.[1] Its counterclaim is based on two transactions: plaintiff's acquisition of

---

1. Both sell self-contained counter top systems, which include syrup tanks and carbonating and cooling elements, for dispensing beverages to consumers at restaurants, soda fountains, bars and hotels.

the common stock of Temprite Products Corporation in June of 1965, and Temprite's acquisition of all of the voting shares of K-Way Dispensing Equipment Company in March of 1967. Because the pleadings, depositions, affidavits and answers to interrogatories on file conclusively show that defendant has not been injured by reason of these alleged violations of Section 7, as required by Section 4 of the Clayton Act, 15 U.S.C. § 15,[2] the plaintiff's motion for summary judgment is granted and the defendant's cross motion is denied.

▪ Perfection alleges that the acquisition of Temprite, which manufactures components for beverage dispensing equipment, foreclosed it and other competitors of Dole from obtaining these components from Temprite. Assuming that the effect of this acquisition "may be substantially to lessen competition, or tend to create a monopoly" within the meaning of Clayton § 7, it is axiomatic that Perfection can only recover if it can prove that it was damaged by this violation. See, e. g., Sam S. Goldstein Industries, Inc. v. Botany Industries, Inc., 301 F.Supp. 728 (S.D.N.Y. 1969).

Defendant's president, Marshall Strenger, Jr., conceded at his deposition that Perfection never sought to buy anything from Temprite, and that Temprite never refused to sell anything to defendant. There is no other injury alleged or disclosed, and defendant is therefore entitled to no relief as to this transaction. Lawlor v. National Screen Service Corporation, 270 F.2d 146, 154 (3d Cir. 1959), cert. den. 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742; Billy Baxter, Inc. v. Coca-Cola Co., 47 F.R.D. 345 (S.D.N.Y. 1969).[3]

▪ The counterclaim also charges that the subsequent acquisition of K-Way, a manufacturer and seller of beverage dispensing equipment since 1962, greatly increased Dole's share of this market and tended to substantially lessen competition.[4] Perfection was injured, it states, "by the employment of plaintiff's market share and resources."

▪ In support of this allegation of injury, Perfection has submitted the affidavit of its salesman, David O. Klett, to the effect that Perfection has "lost" eight specified sales [5] to K-Way or its distributors.[6] In addition, defendant's

2. That section provides, in pertinent part: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor * * * and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

3. It is also noteworthy that Perfection was incorporated on August 16, 1965, two months *after* this acquisition. See Mr. Justice Holmes' opinion in Buckeye Powder Co. v. E. I. DuPont de Nemours Powder Co., 248 U.S. 55, 64, 39 S.Ct. 38, 40, 63 L.Ed. 123 (1918):

"The plaintiff could not be called into being in order to maintain a suit for conduct that made it not pay to be born. Claims for such antenatal detriments are not much favored by the law."

4. Defendant claims that Dole and K-Way respectively had 23.5% and 15% of the relevant market in 1967. Plaintiff disputes this.

5. Perfection calculates the lost profits from these sales to be $14,050.

6. This affidavit also contains the following statement:
"There is no precise way in which I can determine why Perfection lost each of the above specified sales to K-Way. From conversations with the prospective customers I believe that a combination of factors was responsible. In some instances K-Way quoted a lower price. In other instances K-Way may have offered easier financing terms. In still other cases, the customer may have preferred certain technical features of the K-Way equipment."
Rule 56(e), Fed.R.Civ.P., provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The above combination of opinion and hearsay does not satisfy these requirements and is,

president stated with regard to the acquisition:

"I think it not only caused me to stop agressive sales, I think it put me at a great disadvantage profit-wise and otherwise, engineering-wise * * * not only does K-Way now have the advantage of Temprite's engineering staff, they probably also have the advantage now of Dole's, so that it's possible with the combined efforts * * * it's going to supersede mine now." (Strenger deposition, p. 204)

This evidence, even when viewed in the light most favorable to the defendant, United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), fails to show any causal connection between the acquisition and Perfection's injury. At best, the Klett affidavit shows only that K-Way made eight sales for which Perfection was competing. There is a total absence of evidence that the acquisition was in any way responsible for these lost sales. Nor does the Strenger deposition add anything, for it amounts to no more than conjecture as to efficiencies which might have resulted, or could result, from the acquisition.[7]

■■ To recover damages under Section 7 of the Clayton Act, a complainant must be able to show that he "suffered some special damage to his business as a direct and proximate result of the acquisition. * * * the injury must result

from the lessened competition or monopoly itself." Rayco Manufacturing Co. v. Dunn, 234 F.Supp. 593, 597 (N.D.Ill. 1964). And see Blaski v. Inland Steel Co., 271 F.2d 853 (7th Cir. 1959); Beegle v. Thompson, 138 F.2d 875, 881 (7th Cir. 1943); Peterson v. Borden Co., 50 F.2d 644 (7th Cir. 1931). Proof that a competitor made sales after it was unlawfully acquired by another, even if the complainant competed for those sales, is not evidence that the sales were the "direct and proximate result" of the unlawful acquisition.[8] If such were the rule, corporations violating Section 7 would become insurers of the commercial success of their competitors. This is not the law.

The counterclaim further alleges that Perfection was injured by the prosecution of this lawsuit. It argues that the patent in suit was obtained by a fraud on the patent office, and that this action was instituted in bad faith to suppress competition. The relationship of this suit to Section 7 is said to arise from the fact that the patent was acquired by Dole from K-Way as part of Temprite's acquisition of K-Way.

■ No case has been found which holds that suit for infringement of a patent acquired by an acquisition unlawful under Section 7 is an injury "by reason" of that acquisition. A bad faith infringement suit may constitute a Sherman Act violation, e. g., an attempt to monopolize, Walker Process Equipment,

therefore, disregarded. Maddox v. Aetna Casualty and Surety Co., 259 F.2d 51 (5th Cir. 1958); F. S. Bowen Electric Co., Inc. v. J. D. Hedin Construction Co., Inc., 114 U.S.App.D.C. 361, 316 F.2d 362 (1963).

7. Indeed, Mr. Strenger conceded that he did not know of the acquisition, nor that Dole sold beverage dispensing equipment, until this lawsuit was filed. He further conceded that Perfection had, to his knowledge, never competed with Dole for a sale, and he stated that it would be "ridiculous" to attribute any of the lost sales to the acquisition of K-Way.

8. Perfection argues that causation may reasonably be inferred from this evidence. However, the cases it relies on deal primarily with the measurement of damages and do not eliminate the need to prove proximate causation of injury. Furthermore, none go so far as to permit an inference of causation from a record as barren as this one. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 114, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); Bigelow v. RKO Radio Pictures, 327 U.S. 251, 264, 66 S.Ct. 574, 90 L.Ed. 652 (1946); Story Parchment Co. v. Paterson Parchment Paper Company, 282 U.S. 555, 562, 51 S.Ct. 248, 75 L.Ed. 544 (1931).

Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), or part of a conspiracy to restrain trade by participants in a patent pool, Dairy Foods Inc. v. Dairy Maid Products Co-op., 297 F.2d 805 (7th Cir. 1961). In such cases the injury is caused by the very behavior which is prohibited by the Sherman Act. But in this case, under Section 7, the injury is caused by prosecution of the infringement suit, not by the merger prohibited by the Clayton Act.[9] The necessary causal link is therefore absent.

Of course, a patent may be "any part of the assets of another corporation" within the meaning of Section 7. United States v. Lever Bros. Co., 216 F.Supp. 887 (S.D.N.Y.1963). Perfection does not challenge the legality of the acquisition of the patent, however; it challenges its subsequent bad faith enforcement. A case quite similar to this is Western Geophysical Co. of America, Inc. v. Bolt Assoc., Inc., 305 F.Supp. 1251 (D.Conn. 1969). The antitrust counterclaimant in that action had licensed counterdefendant to use and sublicense a particular device. Counterclaimant alleged, *inter alia*, that counterdefendant acquired the license with the intent to suppress competition. The court granted counterdefendant's summary judgment motion, insofar as a Section 7 cause of action was alleged, because the purported anticom-

petitive effect stemmed "not from the acquisition * * * but from a misuse (breach of the agreement to sublicense) of the asset once acquired." 305 F.Supp. at 1255. See also Bailey's Bakery, Ltd. v. Continental Baking Company, 235 F.Supp. 705, 716–717 (D.Haw.1964):

> "That, *after* the moment of acquisition, subsequent business practices do injure competitors in that market does not, because of those subsequent injurious acts, give rise to a claim for treble damages under Clayton § 7."

And see Rayco Manufacturing Co. v. Dunn, *supra*, 234 F.Supp. at 597.

Another circumstance which shows conclusively that this patent action, and consequent injury, did not occur "by reason of" the acquisition is the undisputed fact that this suit was contemplated by K-Way before it was acquired by Dole. A letter of infringment was sent to Perfection on December 6, 1966, three months before the acquisition and six months before suit was filed.

Thus it is apparent from the record in this case that Perfection was not injured "by reason of" the assumed violations of Section 7 of the Clayton Act.[10] An order has therefore been entered granting the motion for summary judgment filed by the Dole Valve Company, denying the motion for summary judgment filed by Perfection Bar Equipment, Inc., and dismissing the counterclaim.

---

9. Cf. SCM Corp. v. Radio Corp. of America, 276 F.Supp. 373, 377 (S.D.N.Y. 1967), aff'd. 407 F.2d 166 (2d Cir. 1969), cert. den. 395 U.S. 943, 90 S.Ct. 38, 24 L.Ed.2d 125, wherein the court dismissed an anti-trust counterclaim premised on patent litigation:
"Whether monopolist or not, plaintiff has a right to test out the validity of defendant's patents. Every litigation inevitably causes expense to those concerned. But

defendant's expense in this one is not incurred by reason of plaintiff's monopoly, it is incurred by reason of the fact that both parties are litigating the validity of defendant's patents."

10. This disposition of the motions renders unnecessary a determination of whether a private plaintiff may recover damages for violation of Section 7.