The **DOLE VALVE COMPANY**, Plaintiff,

v.

**PERFECTION BAR EQUIPMENT, INC.**, **Defendant.**

**No. 67 C 1126.**

United States District Court,
N. D. Illinois, E. D.

Oct. 16, 1970.

John D. Simpson, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiff.

Wm. Marshall Lee, Richard G. Lione and Jerry D. Hosier, Hume, Clement, Hume & Lee, Ltd., and George E. Hale, Wilson & McIlvaine, Chicago, Ill., for defendant.

DECKER, District Judge.

## MEMORANDUM OPINION

In this action, the Dole Valve Company attempted to enforce patent 3,162,323. This court found the claims in suit to be invalid and also held that two of the three accused devices did not infringe the patent's provisions. Dole Valve Company v. Perfection Bar Equipment, Inc., 298 F.Supp. 401 (N.D.Ill.1968), aff'd 419 F.2d 968 (7th Cir. 1969).

The defendant, Perfection Bar Equipment, Inc., asserted a counterclaim alleging violations of the federal antitrust laws. The counterclaim was dismissed for failure to state a cause of action, and Perfection did not appeal from that decision. 311 F.Supp. 459 (N.D.Ill.1970).

Claiming in the instant motion that the patent aspects of this litigation constituted "an exceptional case," Perfection has now requested its attorneys' fees pursuant to 35 U.S.C. § 285, which provides that:

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

In support of the instant motion, Perfection advances three contentions.

■ First, the defendant claims that the patentee misled the United States Patent Office by failing to disclose an earlier "two pump" Atlas System that he manufactured and sold publicly more than two years before application for the patent in issue was filed. According to the defendant, this lack of disclosure constituted a fraud upon the Patent Office because the patent examiner, not realizing that the Atlas System was prior art, was allegedly unable to evaluate fully whether the patent was "obvious" under 35 U.S.C. § 103.

As explained in more detail in this court's earlier patent opinion, however, the patent in suit merely "attempted to explain how a single pump could perform the functions of circulating and refilling. All other aspects of the system were old." 298 F.Supp. 405. The earlier Atlas System disclosed how to construct a two-pump system, thus only reflecting the level of ordinary skill at that time. The patent examiner should have been familiar with the level of ordinary skill. Therefore, while it would have been desirable for the patentee to disclose the Atlas System, his failure to do so was not so serious as to constitute a "fraud" upon the patent office.

Perfection's second main argument is that Dole Valve acted improperly when it continued to prosecute the infringement action after being apprised by Perfection of German Laubach patents 288,219 and 280,997, on July 30, 1968 and September 5, 1968, respectively, more than four months prior to the trial which commenced on November 7, 1968. As explained in more detail in this court's earlier patent opinion, the foregoing two German patents disclosed the patentee's "single pump" system for storing, circulating and replenishing carbonated water, and "the instant Kromer patent contributed very little, if anything, to the art." 298 F.Supp. 404. Moreover, the German patents anticipated the Kromer patent because "[h]ere, the invention consists of using a pump and a valve to replace two pumps. * * * The Laubach patents fully disclose this invention; one could practice it without need of further experimentation." 298 F.Supp. 406.

■■ Under 35 U.S.C. § 285, determination of whether "an exceptional case" exists necessarily depends upon facts in each case. Normally, a patentee may sue to enforce his patent, and his lack of success in the litigation does not, standing alone, convert the action into "an exceptional case." On the other hand, when the invalidity of a patent is so obvious that anyone skilled in the art, and any competent patent attorney, must have recognized prior to trial that the patent was invalid, the patent action is prosecuted in bad faith and the defendant may be entitled to attorneys' fees under 35 U.S.C. § 285. See, for example, Shingle Product Patents v. Gleason, 211 F.2d 437 (9th Cir. 1954); Talon, Inc. v. Union Slide Fastener, Inc., 266 F.2d 731 (9th Cir. 1959).

■ In this litigation, the disclosures contained in the two Laubach patents so clearly rendered the patentee's invention obvious that plaintiff should have known well in advance of the trial that the Kromer patent lacked novelty. Being thus advised of the patent's invalidity, Dole Valve should have dismissed the lawsuit promptly thereafter.

Furthermore, as emphasized by the defendant in its third argument, Dole Valve and its predecessor company instituted the lawsuit in an attempt to assert economic pressure against Perfection, as well as to enforce its patent rights. In February 1967, for example, plaintiff's predecessor declared that it would "take

legal action against" *all* parties handling Perfection's carbonated beverage system, declaring that:

"(1) we will publicize the legal action by word of mouth through our distributor organization, and

(2) through publicity releases in refrigeration trade papers, and

(3) by advertisements in refrigeration trade papers."

Various other distributor bulletins and letters from plaintiff and its predecessor demonstrate that one of the preliminary functions of this lawsuit was to discourage Perfection from constructing its carbonated beverage system and, perhaps more importantly, the litigation was designed to discourage other parties in the trade from using defendant's system.

■ While a patentee may properly publicize an action instituted against an alleged infringer, a patentee is not entitled to continue prosecuting a lawsuit after he should have known that the patent was invalid in order to apply economic pressure to a defendant and persons who might deal with the defendant. I have therefore decided that the instant case became "exceptional" on June 30, 1968 at the time Dole Valve was notified of Laubach patent 288,219. Since disclosure of that anticipatory reference made it clear that the validity of plaintiff's patent could not be sustained in litigation, Dole Valve should have terminated the litigation at that time. By failing to do so, plaintiff forced defendant to incur needless expenses and legal fees in defense of the litigation. In a related context, the United States District Court for the Eastern District of Pennsylvania explained an award of attorneys' fees as follows:

"[T]he trouble and expense which defendant has been put to in defending the present suit has been the result of [the plaintiff] Stock's inexcusable conduct in his patent prosecution.

Under the circumstances it is grossly unjust that defendant should bear the burden of the litigation. The case is an exceptional one within the purview of 35 U.S.C. § 285. Equity requires that plaintiff pay reasonable attorneys fees to defendant."

Stock Equipment Co. v. Beaumont Birch Co., 140 USPQ 134, 137 (E.D.Pa.1963).

■ The patentee's deliberate absence from the trial of the case further illustrates the exceptional nature of this case. Despite Perfection's repeated requests for plaintiff to produce Mr. Kromer at the trial, Dole Valve declined to furnish the patentee—the one employee most competent to testify with respect to the recirculating carbonated water system. Mr. Kromer's absence, when coupled with the paucity of plaintiff's evidence supporting the patent's validity, shows a lack of candor on the part of Dole Valve. As explained in Algren Watch Findings Co. v. Kalinsky, 197 F.2d 69, 72 (2d Cir. 1952):

"The deficiency of the proof which the plaintiff offered at the trial could well have been taken as an indication of bad faith especially when considered along with the fact that it failed to call the inventor as a witness when it had become quite apparent that his testimony was essential to support its case."

■ Accordingly, defendant's motion is granted in part and denied in part. Defendant is entitled to reasonable attorneys' fees for the legal services required after June 30, 1968 in connection with the patent litigation. Such fees shall not include the legal services involved in defendant's antitrust counterclaim.

Within fifteen days the defendant shall prepare an itemized accounting of the legal services received since that date and its estimate of a reasonable attorneys' fee therefor.