The **DOLE VALVE COMPANY,**
Plaintiff-Appellant,

v.

**PERFECTION BAR EQUIPMENT COM-
PANY, Inc., Defendant-Appellee.**

No. 71–1290.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 17, 1972.

Decided April 24, 1972.

Lewis T. Steadman, John D. Simpson, Robert A. Stenzel, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiff-appellant.

William Marshall Lee, Richard G. Lione, Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., for defendant-appellee.

Before DUFFY, Senior Circuit Judge, SPRECHER, Circuit Judge, and ESCHBACH *, District Judge.

DUFFY, Senior Circuit Judge.

This is the second appeal taken by the plaintiff in this action. The issue now before us is an award of attorney fees by the District Court resulting from the earlier proceedings.

Our previous decision in this case held that Kromer Patent No. 3,162,323 in suit, owned by plaintiff (Dole), to be invalid for obviousness, but if valid, infringed by two of the three accused devices.[1]

Defendant (Perfection), appellee in this action, made a request under 35 U. S.C. § 285 [2] for an award for attorney fees, pending the outcome of a counter-

---

* District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

1. Dole Valve Company v. Perfection Bar Equipment, Inc., 298 F.Supp. 401 (N.D. Ill., 1968), aff'd. 419 F.2d 968 (7 Cir., 1969).

2. 35 U.S.C. § 285 provides: The court in exceptional cases may award reasonable attorney fees to the prevailing party.

claim filed by defendant, charging violations of the Clayton Act.[3]

Following dismissal of the counterclaims,[4] the District Judge considered the motion now before us on appeal and pursuant to said motion, made an award of $35,000 to cover the three and one-half day trial and associated expenses of litigation to the defendant as permitted by 35 U.S.C. § 285 "in exceptional cases." The District Court found that this generous allowance was justified by a combination of factors including bad faith, inequitable conduct and lack of candor.

The District Court made the finding that Dole acted in bad faith when it continued to prosecute the infringement action against Perfection after being apprised of two German Laubach patents which purportedly disclosed the Kromer patent. The District Court was of the opinion that Dole should have dismissed the lawsuit promptly after being so advised more than four months before trial; that the patent action was prosecuted in bad faith and the defendant may be entitled to attorneys' fees under 35 U.S.C. § 285.

Dole testified that after a consideration of the Laubach patents, its counsel was of the opinion that the Laubach patents were not anticipatory of the invention in suit. Furthermore, evident from the record was an entirely separate opinion from a Detroit firm of patent attorneys regarding the Laubach patents. This second counsel was of the same opinion as counsel for Dole, that the Laubach patents were not anticipatory of the Kromer claims. We believe that such a record is indicative of Dole's good faith in proceeding with the litigation of infringement of the Kromer claims by its act of obtaining the opinion of not only one but two competent attorneys before continuing litigation. See Continental Can Company v. Anchor-Hocking Glass Corp., 362 F.2d 123 (7 Cir., 1966).

Another finding by which the District Court deemed the awarding of attorney fees proper concerned inequitable conduct by Dole in instituting the lawsuit. The District Court was of the opinion that the actual reason Dole commenced the lawsuit was to exert economic pressure on Perfection inhibiting its manufacture and sale of carbonated beverage systems in spite of the fact Dole should have known the Kromer claims to be anticipated and invalid.

There exists no evidence in the record that Dole commenced suit and brought the case to trial for the purpose of exerting economic pressure on Perfection. Moreover, defendant has not produced any published public utterance or printed publication which attests to the alleged coercion and economic pressure noted by the District Court. We feel, in this sense, no inequitable conduct was evidenced in Dole's litigation of this patent suit.

The trial court's finding of lack of candor seems to have been based largely on the absence of the inventor Kromer from the trial. The trial lasted three and one-half days. Prior to trial, Mr. Kromer was subjected to four and one-half days of oral deposition by the plaintiff's attorney; two days in Cleveland, one and a half days in Chicago and later one more day in Chicago. He appeared and testified in Chicago without a subpoena. His last deposition was taken in Chicago less than one week prior to the trial. In our view, such a record does not indicate "a lack of candor" by failing to make available Kromer as a witness.

Also pertinent to our decision is the finding of the District Court that there was no fraud on the part of the patentee in obtaining the patent from the United States Patent Office. We agree with this finding by the learned trial judge.

This Court has considered, on a number of occasions, the issue of assessment of attorney fees. We stated the rule of

3. Section 7 of the Clayton Act, 15 U.S.C. § 18.

4. 311 F.Supp. 459 (N.D.Ill., 1970).

the Circuit in some detail in Sarkes Tarzian v. Philco Corporation, 351 F.2d 557 (7 Cir., 1965). We there stated at page 560:

"Furthermore, we think it is well established, at least in this Circuit, that attorney fees should not be awarded under 35 U.S.C. § 285 except to prevent gross injustice and where fraud and wrong-doing are clearly proved."

To date, we have not relaxed this standard.

A later case applying the same rule to a request for attorney fees was Sanford Research Company v. Eberhard Faber Pen and Pencil Co., Inc., 379 F.2d 512, 516 (7 Cir., 1967). We there followed the *Sarkes Tarzian* ruling and added at page 516: ". . . an award of attorney fees in a situation like the case at bar [*Sanford, supra*] can be justified 'only in exceptional cases and for dominating reasons of justice.' Sprague v. Ticonic National Bank (1939), 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184. This is not such an exceptional case."

In Amerline Corporation v. Cosmo Plastics Company, 407 F.2d 666, 671 (7 Cir., 1969), we considered on appeal the failure of the trial court in that action to allow attorney fees under 35 U.S.C. § 285, stating:

"We have not been persuaded that fraud and wrongdoing have been clearly proved, nor that this is an exceptional case in which fees must be awarded to prevent 'gross injustice'. Sarkes Tarzian, Inc. v. Philco Corp., 351 F.2d 557, 560 (7th Cir. 1965)."

In the most recently reported decision of our Circuit considering the award of attorney fees, Scott Paper Company v. Fort Howard Paper Company, 432 F.2d 1198, 1205 (7 Cir., 1970), we again followed the rule of *Sarkes Tarzian, supra*. We stated *Sarkes Tarzian, supra,* is the law "at least in this Circuit" with respect to an award of attorney fees under 35 U.S.C. § 285. The Court held in

*Scott Paper, supra* "There is no showing that this is an exceptional case."

Upon considering the facts and the record of this case with respect to the award of attorney fees by the District Court, we fail to recognize any wrongdoing in the market place. Also pertinent, after considering the law of the Circuit, is the finding of the District Court that the patentee had not committed fraud on the United States in obtaining the patent in question.

We hold it was error for the District Court to make an award of attorney's fees of $35,000 to defendants' attorneys, and that such an award must be and is

Reversed.