**AMERICAN HOSPITAL SUPPLY CORP., Cross-Claimant and Defendant in Counterclaim,**

v.

**ROY LAPIDUS, INC. and Roy Lapidus, Cross-Defendants and Plaintiffs in Counterclaim.**

Civ. A. No. 77–981–C.

United States District Court, D. Massachusetts.

July 31, 1980.

George L. Greenfield, Wolf, Greenfield & Sacks, Edward F. Perlman, Stephen H. Alpert, Boston, Mass., for cross-defendants and plaintiffs in counterclaim.

William F. Weld, Hill & Barlow, Boston, Mass., for American Hospital Supply Corp.

Joseph Zallen, Boston, Mass., Seth H. Langson, Robert P. Springer, Springer & Langson, P. C., Robert P. Ziemian, Boston, Mass., for Roy Lapidus, Inc. and Roy Lapidus.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on the motion of American Hospital Supply Corp. (American Hospital) to dismiss the counterclaim of Roy Lapidus and Roy Lapidus, Inc. Count I of the counterclaim is brought under section 2 of the Sherman Act, 15 U.S.C. § 2. Lapidus alleges that he sold his company, Roy Lapidus, Inc., and his patent (covering the "Lapidus Airfloat System" mattress) to American Hospital for approximately $4 million. Lapidus further alleges that the fair market value of the company and patent was $10 million, and that he sold them for $4 million because American Hospital personnel made threatening remarks to him during the negotiations leading up to the sale. Lapidus claims he has suffered damages in the amount of $6 million and he seeks treble that amount under 15 U.S.C. § 15.

 I rule that the motion to dismiss is well taken as to Count I because no facts are alleged, or could be alleged by way of amendment, to show that Lapidus' claimed injury resulted from conduct by American Hospital prohibited by the antitrust laws. See Peterson v. Borden Co., 50 F.2d 644, 645–46 (7th Cir. 1931); Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977). Assuming that the lower price received by Lapidus was *economic* injury, it does not follow from the facts alleged that it constituted *antitrust* injury. See Engine Specialties, Inc. v. Bombardier Ltd., 605 F.2d 1 (1st Cir. 1979).

An entirely separate ground for dismissal is Lapidus' failure to allege that American Hospital possessed monopoly power in the relevant market at the time of the acts complained of or that American Hospital engaged in anticompetitive conduct. See Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263 (2d Cir. 1979), cert. denied, 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980). Accordingly, Count I of Lapidus' counterclaim should be dismissed.

Counts 2 and 3 of the counterclaim are based on Mass.Gen.Laws ch. 93A, §§ 9 and 11. It is a prerequisite to commencing an action under ch. 93A that the defendant derive less than 20% of its gross revenue from transactions in interstate commerce, unless the transactions and actions complained of "occur primarily and substantially within the Commonwealth." Mass.Gen.Laws ch. 93A, § 3(b). As to the requirement that less than 20% of gross revenue be derived from interstate commerce, the unopposed affidavit of J. Richard Hull, vice-president and general counsel to American Hospital, puts to rest any argument that American Hospital derived less than 20% of its gross revenue from interstate commerce. And, taking the allegations of Lapidus' counterclaim as true, the actions complained of did not occur "primarily" in Massachusetts. Accordingly, American Hospital is exempt under ch. 93A, § 3(b), and therefore Counts 2 and 3 of the counterclaim should be dismissed. I would add that an additional ground for dismissing Lapidus' claim under ch. 93A, § 9 is that he does not allege that he was injured in

connection with the purchase of household goods.

 American Hospital has also moved to disqualify Robert P. Springer as counsel for Lapidus and Roy Lapidus, Inc. For the reasons articulated in American Hospital's brief, the repetition of which herein would serve no useful purpose, I rule that Attorney Springer because of his active role in the sale which is the subject matter of this litigation has sufficient personal knowledge of material facts that he ought to be called as a witness. Accordingly, Springer and his law firm are disqualified from further service as counsel for Roy Lapidus and Roy Lapidus, Inc.

Order accordingly.